HENRIETTA TALBOYS v. WILLIAM BYRNE.[1]

January 7, 1910.

Nos. 16,354—(109).

**Ratification of Husband's Acts by His Wife.**

> Plaintiff's husband, in exclusive possession and absolute control of her mercantile business, entered into a partnership with defendant, which included the transportation and sale of lumber. It is *held*, the conclusion that she had either authorized or ratified, or was estopped from questioning, what her husband had done, was justified by the evidence.

Action in the district court for St. Louis county to recover $1,128.-63. The defendant prayed that the case be dismissed and for an accounting between plaintiff and defendant. The case was tried before Dibell, J., and a jury which rendered a verdict in favor of defendant. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, she appealed. Affirmed.

*W. C. Benham,* for appellant.

*C. T. Crandall* and *H. B. Fryberger,* for respondent.

[1] Reported in 124 N. W. 15.

JAGGARD, J.

Plaintiff and appellant sought to recover $1,128.63 from defendant and respondent for goods, wares and merchandise, and moneys loaned and paid out in advance for the benefit of defendant between June 1, 1902, and May 16, 1903. The answer set up a partnership between plaintiff and defendant in 1902, from which there was then due the defendant the sum of $500, and prayed the dismissal of the action, with costs for defendant, and that an accounting be had. The case was tried before a jury. The jury returned a verdict for defendant. Plaintiff moved for an order that she have judgment against the defendant notwithstanding the verdict of the jury or for a new trial. From the order denying both motions, this appeal was taken.

The gist of the appeal concerns the sufficiency of the testimony as to the authority of plaintiff's husband to enter into the partnership business to justify the submission of the question of fact to the jury and its verdict. The record contains enough to have justified the jury in finding that plaintiff was the principal, and her husband her general agent, engaged in the business of buying and selling merchandise. It is clear, from his letters to defendant, and the accounts he kept, and other testimony, that the jury was justified in finding that he entered into the partnership with the husband as alleged.

The question then is: Was this within the husband's authority? The wife was not shown to have expressly authorized him so to do. Did she authorize him by implication? From her authority to the husband to buy and sell merchandise, alone, no inference followed that he had authority to enter into a partnership, which intended not only to supply merchandise to defendant, but also to transport and sell timber, because the agent's authority does not go beyond such conduct as is reasonably necessary and proper to carry into effect powers which are shown to have been actually intrusted. And it is also true that the agency of a party must be shown by other evidence than of his acts, before his acts are competent to bind his alleged principal.

None the less we are clear that the trial court was justified in taking and in sustaining the verdict of the jury. The wife had put her husband forward, with all the indicia of absolute ownership.

Her name in no wise appeared to the public or to this defendant. It was not on the letter heads used in the business, or on signs indicating whose store it was, or on any of the accounts or otherwise. The husband was in exclusive possession, and in absolute control of the entire business. In point of fact he exercised all the powers of a "universal agent." He decided all business matters without reference to his wife. Defendant, indeed, did not know of her existence until the commencement of this action. The wife, indeed, resided at Duluth, and did not appear at the trial as a witness. She was an unknown, and it would appear an unknowing, quantity; for her husband does not appear to have made any report to her, and it is to be noted that the business had been carried on for more than a year. Entries of items likely in their nature to attract her attention must have been made on the books of the concern. The principal generally has the right to assume that the agent is obeying instructions (Johnson v. Ogren, 102 Minn. 8, 112 N. W. 894); but this does not exempt the principal from all care of superintendence of a business whose conduct he has intrusted exclusively to his partner or agent, and exonerate him from all consequences of all not expressly authorized acts, and especially the holding out by his partner or his agent.

Defendant further emphasizes the familiar and undisputed principle that it is incumbent on him who deals with an agent to inquire concerning the agent's authority. Here, however, defendant did not know that there was such a person as the wife, whose existence has been here assumed, of whom to make inquiries. He was dealing with the husband, who was the apparent owner, and who had in fact owned a business in the vicinity for a number of years. It is obviously against public policy for her to allow, although not expressly, her husband to enter into transactions outside of mere buying and selling, and then be in a position to accept a profit or repudiate a loss. The facts justified the conclusion that she had either authorized or ratified what her husband had done, or was estopped from questioning his authority.

Plaintiff's only request to charge was as follows: "The jury will return a verdict for plaintiff for such sum as you find she is entitled

to under her cause of action, with interest thereon at the rate of six per cent. per annum since the sixteenth day of May, 1903." It follows from the previous conclusion that this request the trial court properly refused. The charge as given was correct, including the part addressed to the burden of proof. It was not as complete as it might have been without occasioning comment; but no request for further instructions, except as above stated, was made by plaintiff. Nor was any suggestion to that effect made by him after it had been given. We are unable to perceive in view of the demonstration by the testimony of the merits of defendant's position, that the plaintiff has successfully complained of any prejudicial error.

Affirmed.